IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RICHARD BROWN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer SPENCER, *et al.*, | : | CIVIL ACTION NO. 7:05-cv-6(HL) |
| Defendants | : | **O R D E R** |

Plaintiff **RICHARD BROWN** brought a *pro se* 42 U.S.C. § 1983 action asserting various claims against the Georgia Department of Corrections ("GDOC"), GDOC Officers Spencer and Gullick, fellow inmate Luke Marion, and Medical Supervisor Al Jones. On February 7, 2005, the undersigned recommended dismissal of all of the claims in the complaint except those against Officer Spencer. The case was allowed to go forward against Officer Spencer.

Plaintiff objected to the undersigned's recommendation. In particular, plaintiff argued that Al Jones was improperly dismissed because "he is the head of medical. My mother called him and he still refused to get me medical treatment." U.S. District Judge Hugh Lawson agreed with the undersigned and adopted the recommendation. Although Judge Lawson adopted the undersigned's recommendation, Judge Lawson found that plaintiff appeared to be amending his complaint as to defendant Al Jones. In his order, Judge Lawson directed the undersigned to "consider whether to allow plaintiff to amend his complaint" with regard to his allegations against defendant Al Jones.

In accordance with Judge Lawson's instructions, this Court has considered plaintiff's objection. To the extent plaintiff is attempting to amend his complaint, the undersigned finds that

plaintiff still has not provided sufficient detail to state a claim against Al Jones. Because plaintiff is proceeding *pro se*, the Court will give him one more opportunity to try and set forth a claim against Al Jones. Accordingly, plaintiff is directed to submit a supplement explaining:

(1) What medical treatment plaintiff received, and why such treatment was inadequate;

(2) What <u>specific</u> requests plaintiff (or his mother) made for medical treatment to Al Jones, when he (or his mother) made such requests, and what was the response;

(3) What does plaintiff contend Al Jones should have done differently;

(4) What adverse effects plaintiff allegedly suffered as a result of the alleged failure to receive proper medical treatment (i.e., such as a need for surgery or a permanent injury); and

(5) Why Al Jones should be liable to plaintiff in this lawsuit, whether through Jones' personal knowledge or involvement in plaintiff's treatment or due to some other connection to the treatment, such as a policy or practice that was responsible for the alleged constitutional violations.

Plaintiff is hereby given twenty (20) days from receipt of this order to submit a supplement to his complaint, limited to these claims only. No other claims will be considered.

**SO ORDERED**, this 15th day of August, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE