IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RICHARD BROWN, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | **7 : 05-CV-06 (HL)** |
| : | |
| OFFICER SPENCER, : | |
| : | |
| Defendant. : | |
| : | |

**<u>RECOMMENDATION</u>**

  Presently pending in this § 1983 action is the defendant's Motion to Dismiss. The defendant argues that the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995.

  The plaintiff filed this action in January 2005, raising allegations of deliberate indifference to a serious threat of violence against defendant Spencer. The plaintiff maintains that while he was confined at Valdosta State Prison, he notified Spencer prior to an attack by a fellow inmate, yet Spencer did nothing to stop the attack. The defendant asserts that although the plaintiff filed informal grievances regarding the events underlying his lawsuit, he failed to properly appeal these grievances and thereby failed to properly exhaust his claims under the PLRA.

  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations are required to exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

  The defendant's motion to dismiss can be granted only if plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackam v. Hosp. Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577, 1579 (11th Cir. 1986). "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which

relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective'. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 535 U.S. 516 (2002).

A review of the plaintiff's complaint establishes that his complaint must be dismissed based on his failure to exhaust administrative remedies. Although the plaintiff filed informal grievances regarding the events underlying this lawsuit, he clearly failed to appeal the denial of his informal grievance regarding Officer Spencer's alleged failure to protect, thereby failing to exhaust his administrative remedies. In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). To the extent that the plaintiff contends that he "went as far as [he] could go", his grievance records clearly show that he was informed as to the necessary steps in filing a formal grievance, yet he failed to do so to further appeal his grievance against Spencer. Accordingly, it is the recommendation of the undersigned that the defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of February, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb